FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 3 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DENEENA THOMAS, Individually and On Behalf          **PLAINTIFF**
Of All Others Similarly Situated

vs.                    No. 4:14-cv-562 KGB

UNITED METHODIST CHILDREN'S HOME, INC., and
METHODIST FAMILY HEALTH, INC.                       **DEFENDANTS**

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR REPRESENTATIVE ACTION

COMES NOW Plaintiff Deneena Thomas, individually and on behalf of all others

similarly situated, by and through her attorneys Chris Burks and Josh Sanford of

Sanford Law Firm, PLLC, and for her Original Complaint For Representative Action,

does hereby state and allege as follows:

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

I.

## PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff Deneena Thomas named above,

individually and on behalf of all others similarly situated, against Defendants United

Methodist Children's Home, Inc., and Methodist Family Health, Inc. ("Defendants").

2.      The proposed Section 216 class is composed entirely of employees who

are direct care workers (Behavior Instructor/Alternate Teaching Parent) in Defendants'

facilities all over the State of Arkansas, who, during the applicable time period,

worked/work for Defendants and were/are denied their fundamental rights under applicable federal and state wage and hour laws.

3.    The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by the Plaintiff and the putative class members.

4.    The proposed Rule 23 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

5.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

6.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, infra.

7.    Plaintiff has filed herewith her own written Consent to Join this lawsuit pursuant to Section 216.

8.    This is a representative action under the Fair Labor Standards Act. Plaintiff is similarly situated to a larger group of misclassified employees who were not paid overtime by Defendants during the course of their employment.  Defendants, upon

information and belief, improperly treated Plaintiff and other employees as exempt under the FLSA.

## II.

## THE PARTIES

### A. Plaintiffs

9.      Plaintiff Deneena Thomas is a resident and citizen of Little Rock, Pulaski County, Arkansas.

10.     At all times relevant hereto, Plaintiff was paid various rates for taking care of children in Defendants' facilities.

11.     Plaintiff's dates of employment are from beginning on or about February of 2010 until May 23, 2014.

### B. Defendants

12.     Defendant United Methodist Children's Home, Inc., is a private, nonprofit domestic corporation, managing the care provided to children and families through direct care workers throughout the State of Arkansas.

13.     Defendant United Methodist Children's Home, Inc., has annual gross revenues exceeding $500,000.00.

14.     Defendant United Methodist Children's Home, Inc.'s principal address is 1600 Aldersgate Rd., Suite 300, Little Rock, Arkansas 72205.

15.     Defendant United Methodist Children's Home, Inc., was at all times relevant hereto Plaintiff's employer, and is and has been engaged in interstate commerce as that term is defined under both the FLSA and the AMWA.

16.     Defendant United Methodist Children's Home, Inc., has as its registered agent for service Daniel Goodwin, who is located at 425 West Capital Ave., Suite 3801, Little Rock, Arkansas 72201.

17.     Defendant Methodist Family Health, Inc., a private, nonprofit domestic corporation, managing the care provided to children and families through direct care workers throughout the State of Arkansas.

18.     Defendant Methodist Family Health, Inc., has annual gross revenues exceeding $500,000.00.

19.     Defendant Methodist Family Health, Inc.'s principal address is 1600 Aldersgate Rd., Suite 300, Little Rock, Arkansas 72205.

20.     Defendant Methodist Family Health, Inc., was at all times relevant hereto Plaintiff's employer, and is and has been engaged in interstate commerce as that term is defined under both the FLSA and the AMWA.

21.     Defendant Methodist Family Health, Inc., has as its registered agent for service Dylan Potts, who is located at 425 West Capital Ave., Suite 3801, Little Rock, Arkansas 72201.

III.

## JURISDICTION AND VENUE

22.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

23.     This Complaint also alleges violations of the AMWA, which alleged violations arising out of the same set of operative facts as the federal cause of action

herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

24.   This Court has pendent jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

25.   The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

26.   The instant litigation asserts a class action claim under Rule 23 of the Federal Rules of Civil Procedure.

**IV.**

## REPRESENTATIVE ACTION ALLEGATIONS

27.   Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as direct care workers who were, are, or will be employed by Defendants and were improperly misclassified as exempt at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendants failed to pay due to the intentional underpayment to Plaintiff and to those similarly situated.

28.   Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Defendants as direct care workers (Behavior Instructor/Alternate Teaching Parent) in Defendants' facilities all over the State of Arkansas from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

29.     Plaintiff is unable to state the exact number of the class but believe that the class exceeds 15 persons but is less than 30 persons.

30.     Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

31.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

32.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

33.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

(a)     Defendant's uniform underpayment to them as direct care workers (Behavior Instructor/Alternate Teaching Parent) in Defendants' facilities all over the State of Arkansas under the FLSA; and

(b)     Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

34.     The claimed damages exceed $500,000.00.

## V.

## FACTUAL ALLEGATIONS

35.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

36.     Deneena Thomas was an employee of Defendants within the preceding three years. See was paid as a direct care worker (Behavior Instructor/Alternate Teaching Parent) in Defendants' facilities all over the State of Arkansas during that time period.

37.     Plaintiff's primary duties as a direct care worker were to provide attention and care to children in the facility.

38.     Plaintiff worked over forty hours per week.   She did not receive any overtime compensation save a short time period and when she was promised paid time off (PTO time).

## VI.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40.     Plaintiff brings this class action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

41.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA and the AMWA.

42.     In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

43.     The Rule 23 Class under the AMWA is defined as follows:

**All former, current and future employees of Defendants who are or were employed as direct care workers (Behavior Instructor/Alternate Teaching Parent) in Defendants' facilities all over the State of Arkansas during the statutory period and who worked in excess of forty (40) hours in any work week.**

44.     Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All former, current and future employees of Defendant who are or were employed as direct care workers (Behavior Instructor/Alternate Teaching Parent) in Defendants' facilities all over the State of Arkansas during the statutory period and who worked in excess of forty (40) hours for in any work week.**

45.     This action is properly brought as a class action pursuant to the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

46.     The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least fifteen putative class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

47.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

(a)     whether Plaintiff and the Class members were properly paid an hourly rate for their work;

(b)     whether Plaintiff and members of the Class worked in excess of
forty hours in any work week;

(c)     whether Defendants have failed to pay Plaintiff and members of the
Class overtime compensation for all of the hours worked over forty
(40) each week; and

(d)     whether Defendants are liable to Plaintiff and members of the Class
for violations of the FLSA and/or the AMWA.

48.     This litigation is properly brought as a class action because Plaintiff's

claims are typical of the claims of the members of the Class, inasmuch as all such

claims arise from Defendant's standard policies and practices, as alleged herein.  Like

all class members, Plaintiff was injured by Defendants' policies and practices of failure

to pay overtime compensation for all the hours worked in each week in excess of forty

(40) hours.

49.     Plaintiff has no interests antagonistic to the interests of the other members

of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has

retained competent counsel experienced in class action litigation.  Accordingly, Plaintiff

is an adequate representative and will fairly and adequately protect the interests of the

class.

50.     A class action is an appropriate and superior method for the fair and

efficient adjudication of the present controversy given the following factors:

(a)     Common questions of law and/or fact predominate over any
individual questions which may arise, and, accordingly, there would
accrue enormous savings to both the Court and the class in
litigating the common issues on a class-wide, instead of on a
repetitive individual, basis;

(b)     Despite the relatively small size of individual class members'
claims, their aggregate volume, coupled with the economies of
scale inherent in litigating similar claims on a common basis, will
enable this case to be litigated as a Class action on a cost-effective

basis, especially when compared with repetitive individual litigation; and

(c)   No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

51.   Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

52.   Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

53.   Class certification is further appropriate under the AMWA because Defendants have acted and continues to act on grounds generally applicable to the members of the class and all the requirements under Rule (a) and Rule (b)(3) of Rule 23 of the Federal Rules of Civil Procedure are met.

54.   Plaintiff anticipates that there will be no difficulty in the management of this litigation.  This litigation presents FLSA and AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## VII.

## FIRST CLAIM FOR RELIEF

## (Individual Claim for Violation of FLSA Overtime and Minimum Wage Violations)

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56.     Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times her regular rate for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

57.     Defendants intentionally underpaid Plaintiff through use of the salary type-rate payment scheme.

58.     Many times, Plaintiff worked more than forty (40) hours per week without overtime pay.

59.     Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

60.     Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff.  The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

61.     Defendants were, and are, subject to the overtime pay requirements of the FLSA because it, as an enterprise, and their employees are engaged in commerce.

62.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

63.     In some weeks, Plaintiff may have worked so many hours that Defendants violated the minimum wage provisions of the FLSA, in addition to overtime provisions. 29 U.S.C. § 206(a).

64.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

65.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

VIII.

## SECOND CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA Overtime and Minimum Wage Violations)

67.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

68.     The AMWA required and requires Defendants to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per workweek during the applicable statutory limitations period.

69.     Defendants required Plaintiff to work in excess of forty (40) hours in many if not all weeks, but failed to pay Plaintiff overtime compensation for all of the hours in excess of forty (40) hours each week.

70.     Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

71.     Defendant's' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

72.     In some weeks, Plaintiff may have worked so many hours that Defendants violated the minimum wage provisions of the AMWA, in addition to overtime provisions.

73.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

IX.

**THIRD CLAIM FOR RELIEF**

**(Class Action Claim for Violations of the FLSA Overtime and Minimum Wage Provisions by Plaintiff and All Those Similarly Situated Class Members)**

74.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

75.     Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one

and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

76.     Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each work week.

77.     Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

78.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79.     In some weeks, Plaintiff and similarly situated members of the class may have worked so many hours that Defendants violated the minimum wage provisions of the FLSA, in addition to overtime provisions. 29 U.S.C. § 206(a).

80.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

81.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and

unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

82.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X.

### FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violations of the AMWA Overtime and Minimum Wage Provisions by Plaintiff and All Those Similarly Situated Class Members)

83.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

84.     The AMWA required and requires Defendants to pay Plaintiff and similarly situated members of the class one and one-half times their regular rate for all hours worked over forty (40) hours per workweek during the applicable statutory limitations period.

85.     Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for the hours in excess for forty (40) worked each week.

86.     Defendants deprived Plaintiff and similarly situated members of the class of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

87.     Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

88.     In some weeks, Plaintiff may have worked so many hours that Defendants violated the minimum wage provisions of the AMWA, in addition to overtime provisions.

89.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## XI.

## EQUITIBLE TOLLING

90.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

91.     The applicable statute of limitations for Plaintiff's and the class members' FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

92.     FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

93.     An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

94.     Defendants failed to post all appropriate notices regarding the FLSA whatsoever at all times.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Deneena Thomas, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)   A declaratory judgment that Defendants practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(b)   A declaratory judgment that Defendants practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations.

(c)   Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(d)   Judgment for damages for all unpaid overtime and minimum wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations.

(e)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period.

(f)   Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations.

(g)     Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

(h)     An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF DENEENA THOMAS,
Individually and On Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:     _____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and     _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com