# STIPULATED COMPROMISE, SETTLEMENT & RELEASE AGREEMENT

This Stipulated Compromise, Settlement & Release Agreement ("Agreement") is voluntarily entered into this 30 day of April, 2016, by and between Plaintiff, Deneena Thomas ("Thomas"), individually and on behalf of the Opt-in Plaintiffs described herein; United Methodist Children's Home, Inc., and Methodist Family Health, Inc. (United Methodist Children's Home, Inc., and Methodist Family Health, Inc. are referred to collectively herein as "Defendants"), all together called the "Parties."

## RECITALS

The Parties stipulate and agree that:

A.   Thomas, by and through her attorneys of the Sanford Law Firm, PLLC ("Class Counsel"), and on behalf of all others similarly situated, filed a Complaint for Representative Action in the case styled *Deneena Thomas, et al. v. United Methodist Children's Home, Inc., et al.*, Case No. 4:14-cv-562-KGB, in the United States District Court, Eastern District of Arkansas (the "Lawsuit"), alleging violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by Defendants.

B.   On June 25, 2015, the Court conditionally certified the Lawsuit as a collective action under 29 U.S.C. § 216.

C.   Twenty persons (the "Opt-in Plaintiffs") filed timely written consents to join the Lawsuit; by their written consents to join, the Opt-in Plaintiffs consented to be represented by Thomas and Class Counsel and to be bound by any settlement or adjudication of the Lawsuit. Thomas and the Opt-in Plaintiffs are collectively referred to herein as "Plaintiffs."

D.   Defendants deny and dispute all the material allegations in the Lawsuit and deny any liability to Plaintiffs.

E.   Class Counsel has conducted a thorough investigation into the facts of the Lawsuit, including an extensive review of documents produced by Defendants. Class Counsel is of the opinion that the terms of this Agreement and the settlement with Defendants for the consideration and on the terms set forth herein is fair, reasonable, adequate and in the best interest of Plaintiff and the Opt-in Plaintiffs. Defendants and Defendants' counsel also agree the settlement as stated herein is fair and reasonable.

F.   On March 28, 2016, the Parties voluntarily attended a settlement conference under the direction of the Honorable Jerome T. Kearney, United States Magistrate Judge. During the settlement conference the Parties reached an agreement to settle all disputes raised in the Lawsuit including, but not limited to, all Plaintiffs' claims for unpaid wages, minimum wages, overtime, liquidated damages or any other wage related claim arising under the FLSA and/or AMWA.

G. To avoid the delays, costs and uncertainty of litigation, the Parties desire to compromise and settle the Lawsuit, intending that the full terms and conditions of the compromise and settlement be set forth in this Agreement.

H. This Agreement is contingent upon approval by the Court.

## GENERAL TERMS AND CONDITIONS

Therefore, in consideration of the foregoing Recitals and the mutual promises, conditions, terms and considerations contained in this Agreement, the receipt and sufficiency of which the Parties hereby acknowledge, and subject to Court approval of this Agreement, the Parties agree to the following terms, each of which is a material and express condition of this Agreement:

1. **Plaintiffs.** The Parties agree that five (5) of the Plaintiffs are not captured by the class definition provided in the Court's Order conditionally certifying the Lawsuit as a collective action. Specifically, Kennedy, Miller, Moore, Quarles, and Richmond were employed as "Specialized Teaching Parents" as opposed to "Alternate Teaching Parents." The Parties agree that, for purposes of the Lawsuit and this Agreement only, Specialized Teaching Parents are similarly situated to Plaintiff and are appropriate parties to the Lawsuit. To the extent an order amending the class definition is required to make the Plaintiffs identified in this paragraph proper parties to the Lawsuit and to effectuate the intent of this Agreement, the Parties agree to work in good faith to request the Court to enter such an order.

2. **Payment.** Defendants will pay to Plaintiffs and Plaintiffs' counsel a total maximum gross settlement amount of $85,320.00 (the "Settlement Fund") in full and final settlement of all claims brought by the Lawsuit and/or that relate to or reasonably could have arisen out of the same facts and circumstances alleged in the Lawsuit. The Settlement Fund shall include all attorneys' fees and costs, enhancement awards (if applicable), and claims administration expenses (if applicable). For settlement purposes, Plaintiffs have calculated their damages as described in the following paragraph. Defendants deny liability for any of Plaintiffs' claimed damages, but agree that the calculations in this section represent a reasonable estimate of Defendants' potential liability to Plaintiffs if Plaintiffs were to prevail in a trial of the Lawsuit.

Plaintiffs allege that they were underpaid in two ways: (1) Plaintiffs allege that Defendants improperly paid them straight-time wages for hours worked in excess of forty per workweek ("straight-time damages"); and (2) Plaintiffs who worked at group homes outside of Little Rock allege that they were frequently required to stay at the workplace overnight without pay ("overnight damages"). Each Plaintiff's straight-time damages consist of that Plaintiff's hours worked in excess of forty per week during the relevant time period (as reflected in Defendant's payroll records and calculated by Class Counsel) times that Plaintiff's regular hourly rate of pay. This represents the additional half-time Plaintiffs allege they are owed, plus an equal amount as liquidated damages. Defendants dispute the number of overnight hours Plaintiffs claim they worked. Notwithstanding the foregoing, each Plaintiff's overnight damages were calculated based on the assumption that the Plaintiffs who worked at group homes outside of Little Rock worked overnight shifts consisting of four hours per workweek during the relevant time period and calculated at one and one-half times that Plaintiff's regular rate of pay. This

Case 4:14-cv-00562-KGB Document 60-1 Filed 05/11/16 Page 3 of 8

represents the overnight damages Plaintiffs claim they are owed, plus an equal amount as liquidated damages. Defendants dispute that Plaintiffs are entitled to the benefit of the three-year limitations period that would apply to Plaintiffs' FLSA claims if they could successfully prove that Defendants acted willfully at trial. Notwithstanding the foregoing, the "relevant time period," as used in this paragraph, is the three-year period preceding the filing of each Plaintiff's consent to join the Lawsuit, plus applicable periods of tolling allowed by the Court, minus any period for which the Plaintiff accepted payment of back wages from Defendants as part of a settlement supervised by the U.S. Department of Labor ("DOL"), up to and including the Effective Date of this Agreement. Each Plaintiff's Total Damages, as determined by Class Counsel, consist of his or her straight-time damages plus his or her overnight damages and liquidated damages.

The Parties agree that seven Plaintiffs (Cochran, Coleman, Miller, Moore, Oldham, Rodgers, and Willis) accepted payment of back wages from Defendants and waived any wage claims he or she may have had against Defendants in settlements supervised by the DOL that covered the entire time period relevant to this Lawsuit. These Plaintiffs waived their right to bring suit for unpaid wages and liquidated damages. Therefore, the Parties agree that these seven Plaintiffs have no recoverable damages in this suit. However, the seven Plaintiffs identified in this paragraph will receive $250.00 each from the Settlement Fund for any and all costs, fees, damages or other inconvenience associated with joining this action, or otherwise to compensate them for any loss due to the fact that their claims are being dismissed with prejudice and in exchange for fully and finally releasing Defendants and the Released Parties (defined below) from all claims or rights he or she may have to unpaid minimum wages or unpaid overtime compensation under the FLSA and/or AMWA, including claims for liquidated damages, costs and attorneys' fees.

The Parties agree that five Plaintiffs (Kennedy, Palermo, Quarles, Richmond, and Stevens) previously accepted payment of back wages from Defendants and waived any wage claims they may have had against Defendants, during the period of time identified by the DOL in the Plaintiffs' respective DOL Forms WH-58, as part of DOL-supervised settlements. Defendants allege that the DOL-supervised settlements absolve Defendants of all liability to the Plaintiffs identified in this paragraph. Plaintiffs allege that Defendants are liable for damages incurred during time periods not covered by the DOL-supervised settlements. The five Plaintiffs identified in this paragraph will receive sixty percent (60%) of their Total Damages or $1,000.00, whichever is greater, from the Settlement Fund.

Nine Plaintiffs (Clardy, Green, Hurst, James, Thomas, Washington, A. Waters, T. Waters, and Woodard) did not participate in any prior settlement. The Parties dispute the number of hours these Plaintiffs worked in excess of forty per workweek and, additionally, whether some or all of the Plaintiffs' claims are barred by the statute of limitations. The nine Plaintiffs identified in this paragraph will receive eighty percent (80%) of their Total Damages or $1,000.00, whichever is greater, from the Settlement Fund.

Page 3 of 7

Plaintiffs further covenant and agree not to accept, recover or receive any back wages, liquidated damages, other damages or any other form of relief based on any claims asserted or settled in this Lawsuit which may arise out of, or in connection with, any other individual or class litigation, or any administrative remedies pursued by any federal, state, or local government agency against any of the Released Parties (as defined below).

Based on the foregoing, $50,499.40 will be distributed from the Settlement Fund to Plaintiffs in the amounts set forth in the chart below (the "Final Settlement Payments"). Defendants will provide settlement checks, Form W-2s and 1099s to Class Counsel who shall be solely responsible for distributing same to Plaintiffs. With the exception of Cochran, Coleman, Miller, Moore, Oldham, Rogers and Willis, the Final Settlement Payments will be separated into equal amounts: fifty percent (50%) will be allocated to the claims for unpaid overtime and other wage-related damages and deemed wages and subject to normal payroll tax withholding and W-2 reporting; and fifty percent (50%) will be allocated to liquidated damages and other relief and deemed non-wage income and reported on Form 1099. Final Settlement Payments to Cochran, Coleman, Miller, Moore, Oldham, Rogers and Willis shall not be deemed wages and one hundred percent (100%) of their settlement payments will be reported on a Form 1099. Defendants shall be responsible for all employer-paid and due taxes on the wage portions of the Payments but shall not be liable for any other taxes.

| | |
|---|---|
| Clardy, Toni | $1,000.00 |
| Cochran, Scotectra | $250.00 |
| Coleman, Andrea | $250.00 |
| Green, Brittany | $5,098.18 |
| Hurst, Jacqueline | $1,140.00 |
| James, Alexandria | $1,000.00 |
| Kennedy, Jay | $1,800.00 |
| Miller, Lyn | $250.00 |
| Moore, Daniel | $250.00 |
| Oldham, Martha | $250.00 |
| Palermo, Emily | $4,633.20 |
| Quarles, Samuel | $1,000.00 |
| Richmond, Courtney | $1,000.00 |
| Rodgers, Vaquita | $250.00 |
| Stevens, C. Roscoe | $7,042.33 |
| Thomas, Deneena | $5,248.66 |
| Washington, Nico | $9,445.80 |
| Waters, Adrian | $3,399.48 |
| Waters, Tomasa | $2,624.16 |
| Willis, Shavon | $250.00 |
| Woodard, Abraham | $4,317.59 |
| Total | $50,499.40 |

Defendants agree to pay to Class Counsel the sum of $34,820.60, to be remitted from the Settlement Fund to Sanford Law Firm, PLLC, as attorneys' fees, costs and expenses of any kind whatsoever ("Class Counsel Fees and Costs"). Defendants will report as income on a Form 1099 each Plaintiffs' pro rata share of the Class Counsel Fees and Costs. Class Counsel will be issued a Form 1099 for the Class Counsel Fees and Costs. Defendants will remit settlement checks for the Final Settlement Payments and Class Counsel Fees and Costs within twenty (20) days of the Court's entry of an Order approving this Agreement and dismissing the Lawsuit with prejudice (the "Effective Date").

Plaintiffs agree that, should any taxing authority assess any taxes, penalties or interest against them as a result of the settlement payments (including Final Settlement Payments and Class Counsel Fees and Costs, Plaintiffs will be solely responsible for the taxes, penalties, or interest, if any, which may be owed by them to any governmental agency as a result of the settlement payments, and Plaintiffs agree to indemnify, defend, and hold harmless Defendants for any such taxes, penalties, or interest.

3. **Release of Liability.** In consideration of the Payment described above, together with other good and valuable consideration, the receipt and sufficiency of which is hereby agreed and acknowledged, Plaintiffs, together with their agents, assigns, representatives, and designees, hereby knowingly, voluntarily, fully, finally and completely settle, fully release and forever discharge Defendants and their owners, unit holders, members, partners (general and limited), officers, directors, shareholders, parent companies, employees, agents, legal representatives, subsidiaries, affiliated entities, and divisions, along with their predecessors, successors, and equity and asset purchasers (collectively "Released Parties") from the Lawsuit and all legal claims alleged by the Lawsuit. Specifically, Plaintiffs release Released Parties from any and all claims, known or unknown, that relate to or could have reasonably arisen out of the facts and circumstances alleged in the Lawsuit or otherwise described in this Agreement, or that have been brought or could have been brought under the Fair Labor Standards Act, the Arkansas Minimum Wage Act, or other applicable wage laws up to and including the Effective Date of this Agreement.

4. **No Admission.** The Parties further agree and acknowledge that the nothing in this Agreement, nor the consummation of this Agreement, shall be construed or deemed an admission of liability, culpability, wrongdoing on the part of the Released Parties. Plaintiffs and the Released Parties have entered into this Agreement in a good faith effort to effect a compromise of a bona fide dispute over liability and with the intent to avoid the expense and inconvenience of further prosecution of Plaintiffs' claims.

5. **Dismissal of Suit.** Within five (5) business days after execution of this Agreement, the Parties shall file a Joint Motion to for Approval of Collective Action Settlement and Dismissal of the Lawsuit with Prejudice. The Agreement shall be submitted to the Court, as needed. The Parties shall take any other action as is necessary to cause the Lawsuit and all claims asserted therein to be dismissed with prejudice as to all Plaintiffs.

## MISCELLANEOUS PROVISIONS

6. **Arkansas Law.** This Agreement shall be governed, enforced and interpreted by the laws of the State of Arkansas. The U.S. District Court for the Eastern District of Arkansas shall retain jurisdiction over any action in connection with this Agreement, or otherwise to enforce this Agreement.

7. **Severability.** If any provision, term or condition of this Agreement or any application thereof is held by a Court of competent jurisdiction to be invalid, void or unenforceable with regard to one or more of the Parties thereto, then the remainder and further application of this Agreement shall nevertheless survive and continue in full force and effect without being affected by such invalidity, voidness, and/or unenforceability.

8. **Binding Effect.** Subject to the Court's approval, this Agreement and its provisions, terms and conditions shall be binding upon and inure to the benefit of the Parties and their respective heirs, beneficiaries, successors, assigns, directors, managers, employees, attorneys, affiliates, representatives and agents. It is further expressly understood and agreed that all of the provisions, terms and conditions of this Agreement are contractual and not merely recitals.

9. **Entire Agreement.** With the exception of any DOL-supervised settlement agreement accepted by the Plaintiffs, as generally described above, this Agreement contains the entire agreement among the Parties and supersedes any and all prior agreements, arrangements or understandings among the Parties relating to the above subject matters. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist. This same Agreement cannot be changed or terminated orally.

10. **Copies.** This Agreement may be executed in any number of identical counterparts, each of which shall be deemed an original for all purposes. This Agreement may be executed by facsimile or electronic mail.

11. **Voluntary and Knowingly.** The Parties acknowledge that each was fully represented by attorneys in the Lawsuit and in the negotiating, drafting and executing of this Agreement. The undersigned Parties have each carefully read this Agreement, know its contents, and fully understand all of the terms, conditions and aspects of this Agreement, having had their respective attorneys review and advise them of same. Each of the Parties acknowledges that they have had sufficient time to consider this Agreement before signing it. This Agreement is not executed in reliance upon any statement or representation not expressly set out in this Agreement. Additionally, the execution of this Agreement has not been the result, in whole or in part, of any duress, coercion or undue influences by any of the Parties, their counsel or agents. Therefore, the Parties each knowingly execute this Agreement freely and voluntarily, with full knowledge of its significance.

12. **Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions herein.

THIS STIPULATED COMPROMISE, SETTLEMENT & RELEASE AGREEMENT is AGREED and EXECUTED by the Parties as follows:

**DENEENA THOMAS**

*/s/ Deneena Thomas*
Deneena Thomas, Individually and as Representative of the collective action Class

Date: 5·10·16

**UNITED METHODIST CHILDREN'S HOME, INC.**

By: _____

Date: _____

**METHODIST FAMILY HEALTH, INC.**

By: _____

Date: _____

**APPROVED AS TO FORM AND CONTENT:**

*/s/ Steve Rauls*
Steve Rauls
Attorney for Deneena Thomas and the collective action Class

Date: 5/10/16

_____
Dylan H. Potts
Attorney for United Methodist Children's Home, Inc., and Methodist Family Health, Inc.

Date: _____

THIS STIPULATED COMPROMISE, SETTLEMENT & RELEASE AGREEMENT is AGREED and EXECUTED by the Parties as follows:

**DENEENA THOMAS**

_____
Deneena Thomas, Individually and as Representative of the collective action Class

Date: _____

**UNITED METHODIST CHILDREN'S HOME, INC.**

By: *William A. Alton* (signature)

Date: 5/3/16

**METHODIST FAMILY HEALTH, INC.**

By: *William A. Alton* (signature)

Date: 5/3/16

**APPROVED AS TO FORM AND CONTENT:**

_____
Steve Rauls
Attorney for Deneena Thomas and the collective action Class

Date: _____

*Dylan H. Potts* (signature)
Dylan H. Potts
Attorney for United Methodist Children's Home, Inc., and Methodist Family Health, Inc.

Date: 5/3/16