IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DENEENA THOMAS, Individually**
**and on behalf of all others similarly situated**                                  **PLAINTIFF**

v.                          Case No. 4:14-cv-00562 KGB

**UNITED METHODIST CHILDREN'S**
**HOME, INC. and METHODIST FAMILY**
**HEALTH, INC.**                                                                     **DEFENDANTS**

## ORDER

Plaintiff Deneena Thomas filed this matter on behalf of herself and all others similarly situated, asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. Currently before the Court is the joint motion for approval of settlement agreement (Dkt. No. 60). The parties indicate that they reached a settlement agreement in this case in a settlement conference with United States Magistrate Judge Jerome T. Kearney. The parties now request that the Court approve the settlement. The parties have attached the Stipulated Compromise, Settlement and Release Agreement ("Settlement Agreement") to their joint motion, and the Court has reviewed the terms of the parties' Settlement Agreement (Dkt. No. 60, Ex. 1).

Settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be

considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The Court conditionally certified a collective action class of employees with the title Alternate Teaching Parent (Dkt. No. 15). The motion for approval of settlement represents that 16 Alternate Teaching Parents and five people with the title "Specialized Teaching Parent" filed written consents to join this lawsuit, agreed to representation by Ms. Thomas and her counsel, and agreed to be bound by the settlement or adjudication of this litigation (Dkt. No. 60, ¶ 6). The motion also states that, in addition to the 16 Alternate Teaching Parents, the parties' agreement settles the claims of the five people with the title Specialized Teaching Parent. The motion indicates that the parties disagree as to whether those five Specialized Teaching Parents are included in the class certified by the Court, and the parties request that the Court modify the class definition for settlement purposes only and as necessary to encompass Specialized Teaching Parents in the settlement. The Court grants the parties' request. The Court hereby modifies for settlement purposes only the class definition previously announced by the Court to include the five Specialized Teaching Parents who filed consents to join this lawsuit and whose claims have been resolved in the Settlement Agreement.

Based upon the Court's review of information in the pleadings filed and language in the Settlement Agreement, the Court determines that plaintiffs' recovery is reasonable and furthers

the implementation of the FLSA in the workplace. The Court approves the Settlement Agreement.

The Court therefore grants the joint motion for approval of settlement agreement (Dkt. No. 60). The Court dismisses with prejudice this matter. The release set forth in the Settlement Agreement shall apply to the named 16 Alternate Teaching Parents and the five Specialized Teaching Parents in this matter. The Court retains complete jurisdiction for 30 days to enforce the terms of the Settlement Agreement, as necessary, and to vacate this Order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

So ordered this the 12th day of January, 2017.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge